UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MANETIRONY CLERVRAIN et al.,

                            Plaintiffs,

       v.                                                 9:22-CV-0307
                                                                     (GLS/DJS)

ANTHONY J. ANNUCCI,

                            Defendant.
_____

APPEARANCES:

MANETIRONY CLERVRAIN
Plaintiff, Pro Se
4326 S. Scatterfiled Road
Suite 153
Anderson, IN 46013

ANDY BORGELLA
Plaintiff, Pro Se
17-A-3022
Sing Sing Correctional Facility
354 Hunter St
Ossining, NY 10562

GARY L. SHARPE
Senior United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

       The Clerk has sent to the Court for review a document entitled "MOTION FOR

['SERVICE OF PROCESS'] OR ['DUTY TO MITIGATING ACT'] BY INVOKING THE

['NEGLIGENCE OFFICIAL(S)'] SECRETIVE ACT ('SOSSA')", which has been docketed as a

civil rights complaint submitted by pro se plaintiffs Manetirony Clervrain and Andy Borgella.

Dkt. No. 1 ("Compl.").[1]  The complaint is signed by only plaintiff Clervrain, who filed with this document a separate document entitled "MOTION FOR ['MANIFEST INJUSTICE ACT'] (MIA) OR ['ELECTRONIC FILLING ACT'] OPPOSITION(s) BY SECURE ACADEMIC RESOURCES TECHNOLOGY ACT ('SARTA')", and an application to proceed in forma pauperis (IFP).  Dkt. No. 3 ("Miscellaneous Motion"); Dkt. No. 2 ("IFP Application").  Plaintiff Clervrain is a former federal inmate now living in Indiana.[2]  Plaintiff Borgella is incarcerated at Sing Sing Correctional Facility.  Neither individual has paid the filing fee for this action.

## II.     PLAINTIFF BORGELLA

### A.     Obligation to Sign Documents

Rule 11(a) of the Federal Rules of Civil Procedure states:

> (a) Signature.  Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented . . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

*See also* N.D.N.Y. L.R. 10.1(c)(2) (requiring that all documents submitted to the Court include the original signature of the pro se litigant).

### B.     Filing Fee Requirements

A civil action is commenced in federal district court "by filing a complaint."  Fed. R. Civ.

---

[1]  Plaintiff Clervrain is a prolific pro se litigator who has filed more than 100 federal cases throughout the country, most of which have been dismissed as frivolous or for failure to state a claim upon which relief can be granted.  *See, e.g.*, *Clervrain v. McMaster*, No. 21-CV-0021, 2021 WL 2582223 (D.S.C. Jan. 22, 2021) (discussing plaintiff's litigation history and imposing $402 as a sanction for Plaintiff's frivolous filing).  On the same date that he commenced this action, he filed another action in this District, which is assigned to the Honorable David N. Hurd.  *See Clervrain v. Rubisntein*, No. 22-CV-0306 (DNH/ATB), Dkt. No. 1 (N.D.N.Y. filed Mar. 29, 2022).

[2]  According to the Federal Bureau of Prisons' website, plaintiff Clervrain was released from federal custody on August 29, 2019.  *See* https://www.bop.gov/inmateloc (last visited Apr. 13, 2022); Fed. R. Evid. 201.

P. 3. The filing fee of $402.00 must also be paid at the time an action is commenced, unless a completed IFP application is submitted to the Court. *See* 28 U.S.C. §§ 1914(a), 1915(a). The federal statute governing applications to proceed in forma pauperis in federal court, the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, provides, in pertinent part, that an IFP application filed by (or on behalf of) a prisoner must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." *Id.* § 1915(a)(2). In accordance with Local Rule 5.1.4, a prisoner seeking IFP status in a civil action subject to the PLRA may satisfy this requirement by submitting a completed, signed, and certified IFP application.[3] *See* N.D.N.Y. L.R. 5.1.4(b)(1)(A).

Local Rule 5.1.4 provides, in pertinent part, that, if the prisoner fails to fully comply with the above-described requirements after being informed by Court order of what is required, "the Court shall dismiss the action." N.D.N.Y. L.R. 5.1.4(b)(2)(A).[4]

The PLRA also requires a prisoner who brings a civil action or files an appeal in forma pauperis to "pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). In accordance with the statute, the filing fee is paid over time from funds available in the plaintiff's prison

---

[3] A "certified" IFP application is one on which the Certificate portion at the bottom of page two of the form IFP application has been completed and signed by an appropriate official at the plaintiff's facility. The Certificate portion of the IFP application requests information regarding funds and/or securities held on account to the inmate's credit over the preceding six months.

[4] Rule 41(b) of the Federal Rules of Civil Procedure permits a court, in its discretion, to dismiss an action based upon the failure of a plaintiff "to comply with these rules or a court order, . . . ." Fed. R. Civ. P. 41(b). It is well-settled that the term "these rules" in Fed. R. Civ. P. 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

account.[5]

United States District Judge Lawrence E. Kahn of this District has previously concluded that the fact that there are multiple plaintiffs in an action does not reduce or otherwise negate the obligation imposed on each incarcerated plaintiff to pay the filing fee under 28 U.S.C. § 1915(b)(1). *See Ashford v. Spitzer*, No. 9:08-CV-1036 (Decision and Order filed Mar. 16, 2010, Dkt. No. 127) (holding that, in an action filed by multiple prisoners proceeding in forma pauperis, each of the six plaintiffs "must individually comply with the [terms of] Section 1915(b)(1) which requires a prisoner to pay the full amount of the filing fee for any civil action commenced.");[6] *see also Razzoli v. Executive Office of U.S. Marshals*, No. 10-CV-4269, 2010 WL 5051083, at *3 (E.D.N.Y. Dec. 2, 2010) (holding that where there are multiple prisoner plaintiffs, each must comply with the requirements for seeking in forma pauperis status); *Amaker v. Goord*, No. 09-CV-0396, 2009 WL 1586560, at *2 (W.D.N.Y. June 4, 2009) (holding that each plaintiff prisoner must file an in forma pauperis application and inmate authorization form) (citing cases).

### C.   Scope of Representation

"It is well settled that a person who is not an attorney may not represent another

---

[5] In furtherance of this requirement, the Northern District of New York requires all inmates to submit, in addition to a fully completed, certified IFP application, the authorization form issued by the Clerk's Office. *See* N.D.N.Y.L.R. Rule 5.4(b). The inmate authorization form authorizes periodic withdrawals in respect of the filing fee and acknowledges the inmate plaintiff's obligation to pay the entire $350.00 filing fee "regardless of the outcome of my lawsuit."

[6] The proper application of the requirement set forth in 28 U.S.C. § 1915(b)(1) that each prisoner plaintiff who seeks in forma pauperis status be required to pay "the full amount of the filing fee" to an action brought by multiple plaintiffs was discussed at length in *Ashford*. *See Ashford* (Decision and Order filed March 16, 2012, Dkt. No. 127 at 3-9). "Absent specific instruction from the Second Circuit, and after reviewing the decisions of the various Circuits that have addressed the issue, [Judge Kahn] found that those cases concluding that prisoners may file joint actions but must each pay the full filing fee appear to be better reasoned." *Ashford* (Decision and Order filed March 16, 2012, Dkt. No. 127 at 9).

person in federal court." *Fitch v. Arnot Ogden Med. Ctr.*, No. 11-CV-6284, 2011 WL 5508603, at *1 (W.D.N.Y. Sept. 16, 2011) (citing 28 U.S.C. § 1654); *see Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 133 (2d Cir. 2009) (uncle may not represent nephew in federal court); ("An individual may not be represented in court by another person who is not an attorney."); *Long v. Keybank, N.A.*, No. 08-CV-649, 2008 WL 5234344 *2 (W.D.N.Y., December 10, 2008) ("A non-attorney pro se party may not represent another's interests."). Furthermore, any attorney who wishes to represent other parties in this District must first be admitted to practice here.

    **D.**    **Analysis**

As noted, plaintiff Borgella has not signed the complaint or submitted an application to proceed IFP. Nor has he completed the inmate authorization required in this District. Moreover, it does not appear that plaintiff Clervrain is an attorney, and is unquestionably not admitted to practice in the Northern District of New York. For these reasons, Andy Borgella is dismissed as a party to this proceeding, and the IFP Application is denied insofar as it was submitted on his behalf. Should plaintiff Borgella wish to join this proceeding, he must sign the complaint and comply with the filing fee requirements as set forth above.

**III.**    **PLAINTIFF CLERVRAIN**

    **A.**    **IFP Application**

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).

The thirty-page IFP Application includes a chart, which indicates that plaintiff Clervrain

has had an average of $2,320 in monthly income for the past twelve months from his spouse's employment, and he expects the same income next month. *See* IFP Application at 18. Plaintiff Clervrain's assets include a total of $1,000 in his spouse's bank accounts, and a motor vehicle worth $9,000. *Id*. at 19. Three minor children rely on plaintiff Clervrain and his spouse for support. *Id*. at 20. Plaintiff Clervrain reports monthly expenses of $2,797.07, including $600 for housing, $499.37 for utilities, $500 for food, and $200 for transportation. *Id*. at 21.

Although plaintiff Clervrain filed an identical application to proceed IFP in at least one other action he commenced in July, 2021, he represented in that application (and the one before this Court) that he does not expect major changes to his monthly income, expenses, assets, or liabilities during the next twelve months. *See Clervrain v. Marshall*, No. 21-CV-0316, Dkt. No. 2 at 22 (W.D. N.C.); IFP Application. Thus, the Court is satisfied that plaintiff has minimally demonstrated his inability to pay the costs of the proceedings. *See* 28 U.S.C. § 1915(a)(2). Accordingly, for purposes of this review only, plaintiff Clervrain's IFP Application is granted.

    **B.**    **Sufficiency of the Complaint**

        **1. Governing Legal Standard**

Section 1915(e) directs that, when a plaintiff seeks to proceed in forma pauperis, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

§ 1915(e)(2)(B).[7]  Thus, even if a plaintiff meets the financial criteria to commence an action IFP, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action IFP.  *See id*.

In reviewing a pro se complaint, the court has a duty to show liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting

---

[7]  To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

7

Fed. R. Civ. P. 8(a)(2)).  Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice.  *Id*. (internal quotation marks and alterations omitted).  Nor will a pleading that raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *See Neitzke*, 490 U.S. at 327-28 (adopting recognition made by various Courts of Appeals that the "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation").

### 2. Summary of the Complaint

The complaint names "ANTHONY J. ANNUCCI, et al" as "Defendant(s)."  Compl. at 1. The fifty-five page document is replete with rambling, incomprehensible allegations that fail to explain, in any coherent manner, how the named defendant(s) may have violated plaintiff Clervrain's rights under federal law.  Indeed, the Court is unable to discern from the pleading whether it even has subject-matter jurisdiction over the purported claims, let alone what those claims may be.  By way of example only, the first numbered paragraph on page five of the complaint begins as follows: "On his case ['22-CV-1384'], which he filed ['Motion for ['Official Capture'], and ['Jury demand(s)'] By invoking Declaration Act (DJA), or Challenged by the Ant(s) Act'] ('TAA') to be certified officials[.]"  Compl. at 5.  The remainder of the pleading is equally as confusing, consisting of, in essence, a random string of indecipherable phrases and statutory references.

For a complete statement of plaintiff's claims, reference is made to the complaint.

### 3. Analysis

The allegations in the complaint do not support any plausible claim against any defendant. Indeed, the words in the complaint do not form coherent sentences or convey clear thoughts in any respect. Rather, the allegations in the pleading are frivolous. *See Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (noting that a claim is frivolous as a matter of law when, inter alia, "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy") (internal quotation marks and citation omitted); *Neitzke*, 490 U.S. at 327 (a complaint is frivolous if it "lacks an arguable basis either in law or in fact").

Furthermore, the pleading is deficient in that it fails to comply with Federal Rule of Civil Procedure 8, or comprehensibly articulate a cognizable claim upon which relief may be granted. The Court is unable to discern from the complaint (1) what facts or claims plaintiff Clervrain seeks to present, (2) whether the Court has jurisdiction over the action, (3) whether the Northern District of New York is the proper venue for this action, (4) whether plaintiff Clervrain has commenced identical actions in other federal courts, (5) whether the named-defendant is a proper party in this action, and/or (6) the time-frame for any alleged violations of any federal rights or laws.

Accordingly, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), and for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8. *See Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) ("[I]n the ordinary civil context, an incomprehensible complaint fails to state a claim[.]" (citing *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972)); *Perez v. N.Y.*

9

*Police*, No. 19-CV-8251, 2020 WL 1330761, at *3 (S.D.N.Y. Mar. 23, 2020) (dismissing a pro se complaint for failure to state a claim "because the complaint is largely illegible and incoherent" and thus "the Court is unable to understand the nature of Plaintiff's claims"); *Mendes Da Costa v. Marcucilli*, 675 F. App'x 15, 17 (2d Cir. 2017) (affirming district court's dismissal of amended complaint "as frivolous and running afoul of Rule 8"); *Ingram v. Hanley*, No. 5:19-CV-313 (DNH/ATB), 2019 WL 1762627, at *5 (N.D.N.Y. Apr. 22, 2019) (recommending dismissal of complaint "in its entirety as frivolous and in violation of Rule 8"), *report and recommendation adopted by* 2019 WL 4393038 (N.D.N.Y. Sept. 13, 2019).

### 4. Nature of Dismissal

In light of plaintiff Clervrain's pro se status, the Court will afford him the opportunity to file an amended complaint. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). Any such amended complaint, which shall supersede and replace in its entirety the previous complaint filed by plaintiff Clervrain, must bear his original signature, and must contain a caption that clearly identifies, by name, each individual that plaintiff is suing in the present lawsuit and must bear the case number assigned to this action. The body of the amended complaint must set forth a short and plain statement of the facts plaintiff Clervrain relies on in support of his claim that the individual named as a defendant engaged in misconduct or wrongdoing that violated plaintiff's constitutional rights, in sequentially numbered paragraphs containing only one act of misconduct per paragraph. Thus, if plaintiff Clervrain claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph

specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and (v) the nexus between such misconduct and plaintiff's civil and/or constitutional rights.

Plaintiff Clervrain is forewarned that, if he fails to submit an amended complaint within thirty (30) days of the filing date of this Decision and Order, the Court will, without further order, dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as frivolous and for failure to state a claim upon which relief may be granted, as well as for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8.

In light of the dismissal of the complaint, the Miscellaneous Motion is denied as moot.

## IV.  CONCLUSION

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that plaintiff Borgella is **DISMISSED** as a party to this proceeding based on his failure to sign the complaint or comply with the filing fee requirements; and it is further

**ORDERED** that the IFP Application (Dkt. No. 2) is **DENIED** insofar as it was filed on behalf of plaintiff Borgella; and it is further

**ORDERED** that the IFP Application (Dkt. No. 2) is **GRANTED** insofar as it was filed on behalf of plaintiff Clervrain[8]; and it is further

**ORDERED** that the complaint (Dkt. No. 1) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), and for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8; and it is further

---

[8] Plaintiff Clervrain should note that although his IFP Application has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**ORDERED** that, if plaintiff Clervrain wishes to proceed with this action, he must file an amended complaint as directed above within thirty (30) days from the filing date of this Decision and Order; and it is further

**ORDERED** that, if plaintiff Clervrain timely files an amended complaint, this matter be returned to the Court for further review; and it is further

**ORDERED** that, if plaintiff Clervrain fails to timely file an amended complaint as directed above, the Clerk shall enter judgment indicating that this action is **DISMISSED without prejudice** without further order of this Court pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), and for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8.  In that event, the Clerk is directed to close this case; and it is further

**ORDERED** that the Miscellaneous Motion (Dkt. No. 3) is **DENIED as moot**; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff Clervrain must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court.  **Plaintiff Clervrain is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff Clervrain.  The Court certifies that an IFP appeal of this Decision and Order would not be taken in good faith under 28 U.S.C. § 1915(a)(3), and, therefore, should plaintiff Clervrain seek leave to appeal IFP, he is **DENIED** permission to do so.

**IT IS SO ORDERED.**

April 14, 2022
Albany, New York

*Gary L. Sharpe*
U.S. District Judge